IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. MAPP, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1181 (MN) |
| | ) |
| JEFFREY W. BULLOCK, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

James A. Mapp, Jr., Smyrna, Delaware - *Pro Se* Plaintiff.

May 26, 2021
Wilmington, Delaware

*signature: Maryellen Noreika*

**NOREIKA, U.S. District Judge:**

Plaintiff James A. Mapp, Jr. ("Plaintiff"),[1] an inmate at the James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983-1985. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). This Court proceeds to screen the Complaint (D.I. 3) pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**I.      BACKGROUND**

On June 8, 1993, Plaintiff pled guilty to committing the crimes of unlawful sexual intercourse in the first and second degree and was sentenced to life in prison plus an additional twenty years. *Thomas v. Snyder*, Civ.A. No. 98-234-GMS, 2001 WL 1297812, at *1 (D. Del. Oct. 3, 2001). Plaintiff did not file a direct appeal in connection with his conviction or his sentence. *Id.*

Plaintiff applied for a commutation and, on March 30, 2016, the Board of Pardons ("Board") unanimously decided to deny it for the following reasons:

> As you know, your crime was extremely violent and heinous. The Board unanimously believes that you should serve substantially more years in prison before being considered for a commutation. Specifically in your case, it is noted that you need additional programming since you have no insight as to how an armed robbery turned into the extreme violent kidnapping and rape of a young man. Additionally, you have a significant out of state record and the Institution, the Board of Parole and the attorney General's Office are all opposed to a commutation in your case.

(D.I. 3-1 at 2). The Board urged Plaintiff to continue to comply with Department of Correction Rules and Regulations and to take advantage of programming and work opportunities. (*Id.*)

---

[1]     Mapp's former name is James A. Thomas. *See Thomas v. State*, Cr. ID No. 93K01153D1, 2019 WL 5152786 n.1, 220 A.3d 912 (Del. Oct. 14, 2019) (table) ("It appears that after the appellant filed this appeal, he officially changed his name to James A. Mapp, Jr.").

1

Plaintiff reapplied for commutation and, on February 27, 2020, the Board again unanimously decided to deny the application. (*Id*. at 4). The Board reiterated that Plaintiff's crime was extremely serious and stated, "currently there is no support from the Board" and "the Attorney General's Office is opposed to a commutation in your case." (*Id*.). The Board went on to state that it,

> was not prepared at this time to recommend your petition given the serious and violent nature of your offenses. The Board also feels that you should serve more time on your Life plus 20 sentence and continue to show that you are capable of maintaining good behavior.
>
> The Board urges you to continue to try to comply with Department of Correction (DOC) rules and take advantage of any available programming and work opportunities. . . . being cooperative with the DOC and furthering your personal growth will improve your chances of showing that you are deserving of consideration for a commutation.

(*Id*.).

Plaintiff alleges that he has completed court ordered sex offender treatment programs eight times, that it was repeated so many times due to insufficient certified program counselors, budgetary loss, and no properly certified counselors to facilitate program criteria, that he has served as the inmate facilitator for the past fifteen years in most rehabilitation programs, and that he has assisted others in accepting responsibility for their crimes and understanding their behaviors. (D.I. 3 at 2). Plaintiff alleges that since 2010, the Board has granted commutations of sentence of more than twenty sex offenders with the same, similar, or worse charges "in addition to having completed far less sex offender treatment or other rehabilitation." (*Id*. at 2-3).

Plaintiff alleges that Defendants have violated his right to equal protection under the Fourteenth Amendment under a "class of one" theory because he was treated differently than

2

others similarly situated without any rational basis. (*Id*. at 3). Plaintiff seeks counsel, declaratory relief, and compensatory and punitive damages. (*Id*.).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal

3

Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations,

4

assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff claims that he was subjected to discrimination in violation of the Equal Protection clause. Initially the Court notes that "an inmate has 'no constitutional or inherent right' to commutation of his sentence." *Ali v. Governor of Delaware*, 777 F. App'x 584, 588 (3d Cir. 2019) (citing *Connecticut. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981)).

An equal protection claim arises when a person alleges that the state has treated him differently from others similarly situated. *See Village of Willowbrook v. Oleck*, 528 U.S. 562, 564, (2000) (per curiam). Where no suspect classification, such as race, alienage, national origin, gender or religion, is used and no constitutional right is impinged, a difference in treatment is permissible if rationally related to a legitimate state interest. *Rechenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010).

Plaintiff's equal protection claim rests upon the "class of one" theory of liability. To prevail, he must demonstrate that he was intentionally treated differently from others similarly situated and that there was no rational basis for the distinct treatment. *Rechenski*, 622 F.3d at 337–38. Plaintiff's Complaint's does not contain such allegations. He failed to identify any other sex offenders whose armed robbery turned into the extreme violent kidnapping and rape of a young man. Rather, Plaintiff alleges generally that since 2010 the Board has granted commutations of sentences of more than twenty sex offenders with the same, similar, or worse charges and who

5

have completed far less sex offender treatment or other rehabilitation. Plaintiff does not describe what led to the "same, similar, or worse charges," or if any of the crimes involved an armed robbery, a violent kidnapping, or the rape of a young man.

The Complaint fails to identify any similarly situated inmates that received different treatment from Plaintiff. Therefore, the Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds amendment futile.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.