IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. MAPP, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1181 (MN) |
| | ) |
| JEFFREY W. BULLOCK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 21st day of January 2022:

**Introduction**. Plaintiff James A. Mapp, Jr. ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983-1985. (D.I. 3). Plaintiff, who has sought and been denied commutation, alleges that Defendants violated his right to equal protection under the Fourteenth Amendment under a "class of one" theory because of unequal treatment and discrimination. (*Id*. at 2, 3). The complaint was screened and dismissed as legally frivolous on May 26, 2021. (D.I. 10, 11). Plaintiff filed a motion to reopen the case and for relief under Fed. R. Civ. P. 60(b)(3) and later filed a revised motion to reopen the case under the law of case doctrine. (D.I. 12, 17). Plaintiff also seeks the undersigned's recusal under 28 U.S.C. § 455(a).

**Rule 60(b)**. Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reserved

> or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rule 60(b)(1), (2), and (3), must be filed no more than one year after entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1).

Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." Rule 60(b)(3) concerns fraud perpetrated in the course of litigation that interferes with the process of adjudication. *See Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "'substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial.'" *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002) (citation omitted). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

"In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted), and "cannot serve as an attempt to relitigate the merits," *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which

2

were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).

Plaintiff's Rule 60(b)(3) motion contains no reference to fraud, misrepresentation, or other misconduct by an opposing party. Rather, it argues that this Court issued a "haphazardly and abuse of its discretion memorandum opinion and order dismissing the instant civil action." (D.I. 12 at 1). The motion argues that this Court did not liberally construe the complaint, that the complaint stated an equal protection claim, and that Plaintiff should have been given an opportunity to amend. (*Id.* at 2). Plaintiff, however, makes no suggestions on how he could effectively amend to cure the pleading defects. Nor do Plaintiff's conclusory allegations meet his burden under Rule 60(b)(3). Finally, the record does not suggest that Plaintiff was prevented from fully and fairly presenting his case. Plaintiff has not met his burden of proof, and Rule 60(b)(3) provides him no avenue of relief. The motion will be denied. (D.I. 12).

**Law of the Case Doctrine**. Plaintiff moves to reopen this matter under the law of the case doctrine. (D.I. 17). "'As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The law of the case doctrine does not provide Plaintiff with an avenue for recovery. As discussed above, the original complaint was dismissed as frivolous because the allegations did not support Plaintiff's claim of unequal treatment and discrimination based upon an equal protection claim of a "class of one" liability. In the instant motion, Plaintiff advances a new theory for recovery different from that alleged in the dismissed complaint. Plaintiff takes the position that under the Fourteenth Amendment, a state inmate has a due process protected liberty interest in a conditional release

where the state has created a statutory mechanism providing for mandatory conditional release for eligible inmates. (D.I. 17 at 1-2).

This new theory of recovery clearly is not based upon the law of the case. Plaintiff's complaint does not allege that he is eligible for a mandatory conditional release or that he has a protected liberty interest in a mandatary conditional release. Therefore, the motion to reopen will be denied.

**Recusal**. Plaintiff seeks my recusal in both motions. Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd*., 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co*., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id*. at 555–56.

It is evident in reading Plaintiff's motion that he takes exception to and is displeased with this Court's dismissal of his case. (D.I. 17 at 3). A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do my rulings demonstrate that I acted in any such manner when ruling in cases wherein Plaintiff is a party. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

**Conclusion.** For the above reasons, IT IS HEREBY ORDERED that Plaintiff's motions to reopen, for relief under Rule 60(b)(3), and for my recusal (D.I. 12, 17) are DENIED.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge